| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| MATTHEW A. LESNICK (SBN 177594)<br>matt@lesnickprince.com<br>ANDREW R. CAHILL (SBN 233798)<br>acahill@lesnickprince.com<br>LESNICK PRINCE & PAPPAS LLP<br>185 Pier Avenue, Suite 103<br>Santa Monica, CA 90405<br>Telephone: (310) 396-0964<br>Facsimile: (310) 396-0963<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for* Plaintiff Elissa Miller, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>SUNG HYUN CHUNG,<br><br>Debtor(s). | CASE NO.: 2:15-bk-11885-TD<br>CHAPTER: 7<br>ADVERSARY NO.: 2:16-ap-01152-TD |
| ELISSA MILLER, solely in her capacity as Chapter 7 bankruptcy trustee,<br><br>Plaintiff(s),<br><br>vs.<br><br>SUNG HYUN CHUNG,<br><br>Defendant. | **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING RE:** (*title of motion*[1]): PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMO OF POINTS AND AUTHORITIES |

PLEASE TAKE NOTE that the order or judgment titled PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT was lodged on (*date*) 02/22/2017 and is attached. This order relates to the motion which is docket number 16.

[1] Please abbreviate if title cannot fit into text field.

MATTHEW A. LESNICK (SBN 177594)
matt@lesnickprince.com
ANDREW R. CAHILL (SBN 233798)
acahill@lesnickprince.com
LESNICK PRINCE & PAPPAS LLP
185 Pier Avenue, Suite 103
Santa Monica, CA 90015
Telephone: (310) 396-0964
Facsimile: (310) 396-0963

Attorneys for Plaintiff
Elissa Miller, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re

SUNG HYUN CHUNG,

Debtor.

ELISSA MILLER, solely in her capacity as Chapter 7 bankruptcy trustee,

Plaintiff,

v.

SUNG HYUN CHUNG,

Defendant.

Case No. 2:15−bk−11885-TD

Chapter 7

Adv. No.: 2:16−ap−01152-TD

**PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

Hearing:
Date: April 5, 2017
Time: 10:00 a.m.
Place: Courtroom 1345
Roybal Federal Building
255 E. Temple Street
Los Angeles, CA 90012

Pursuant to Local Bankruptcy Rule 7056-1(b)(2), Plaintiff Elissa Miller ("Plaintiff") submits this Statement of Uncontroverted Facts and Conclusions of Law ("Statement") in support of Plaintiff's Motion for Summary Judgment ("Motion"). The Statement sets forth all findings of fact and conclusions of law that the Court should make pursuant to Local Bankruptcy Rule 7052 in connection with granting the Motion and entry of summary judgment in favor of Plaintiff and against Debtor Sung Hyun Chung ("Debtor").

**STATEMENT OF UNCONTROVERTED FACTS**

| NO. | UNCONTROVERTED FACT | EVIDENCE |
|---|---|---|
| 1. | Sung Hyun Chung (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code together with his Bankruptcy Schedules and Statement of Financial Affairs (collectively, "Schedules") on February 9, 2015 (the "Petition Date"), commencing this bankruptcy case. The Debtor signed the Petition under penalty of perjury, representing that the information he provided on the Petition was true and correct. | In re Sung Hyun Chung, No. 2:15−bk−11885-TD, Main Bankruptcy Docket ("Bk. Dkt.") No. 1; Lesnick Decl. ¶ 2; Ex. A. |
| 2. | On his Schedules, the Debtor stated that he had no real property assets, $2,000 in personal property assets and $215,071.00 in liabilities. The scheduled personal property assets | Bk. Dkt. No. 1; Lesnick Decl. ¶ 2; Ex. A. |

| NO. | UNCONTROVERTED FACT | EVIDENCE |
|---|---|---|
| | consisted of $1,000 worth of clothing, $500 in case, and “miscellaneous personal items” in the amount of $500. | |
| 3. | The Debtor never amended Schedule A or B. The only amendment was to add an additional unsecured claim to Schedule F in the amount of $468,796.39. | Bk. Dkt. No. 11; Lesnick Decl. ¶ 3, Ex. B. |
| 4. | On March 8, 2015, the Debtor appeared for his first meeting of creditors pursuant to § 341(a). The Debtor testified that his Petition and Schedules were true and accurate. The Debtor stated that he had not filed tax returns since 2012. | Miller Decl. ¶ 2. |
| 5. | At the March 8, 2015 meeting of creditors, after being questioned by the Trustee and creditors, the Debtor admitted that he had additional assets that were not listed on his Schedules. He admitted that he was a shareholder of a restaurant called Novel Café located at 3760 Wilshire Boulevard in Santa Monica (the | Miller Decl. ¶¶ 3-6. |

| NO. | UNCONTROVERTED FACT | EVIDENCE |
|---|---|---|
| | "Wilshire Novel Café). The Debtor also admitted that he had a liquor license for a restaurant and bar named SPOT. The Debtor stated that he was the sole owner of SPOT and that the restaurant closed six months earlier. The Debtor also stated that he owned 10% of a second Novel Café located at 1101 Galey Avenue in Westwood (the "Galey Novel Café"). The Debtor also stated that he had owned 50% of a restaurant called Maxwell's but that he sold it 4 or 5 years earlier for $250,000. | |
| 6. | The Trustee put the SPOT liquor license on the market and on July 14, 2015, the Trustee filed a motion to approve the sale of the SPOT liquor license to a third party for $70,000. | Bk. Dkt. No. 34. |
| 7. | The Debtor filed an opposition to the Trustee's sale motion. | Bk. Dkt. No. 47. |
| 8. | The Debtor filed a motion to dismiss his bankruptcy case. In the motion, | Bk. Dkt. No. 48. |

| NO. | UNCONTROVERTED FACT | EVIDENCE |
|---|---|---|
| | the Debtor stated he needed to "take a step back to reevaluate the financial circumstances that he find himself in[.]" The Debtor further stated that he owned some unspecified portion of Maxwell's Washington Blvd, LLC which owns and operates a restaurant called Maxwell's Café. | |
| 9. | The Trustee and another creditor (Heron Family Trust) opposed the motion to dismiss, including on the grounds that, if the case were dismissed, the Debtor could sell the liquor license and retain the proceeds himself. | Bk. Dkt. Nos. 50 and 53. |
| 10. | On September 24, 2015, the Court approved the sale of the liquor license for $65,000. The liquor license was sold for $65,000. | Bk. Dkt. No. 71; Miller Decl. ¶ 4. |
| 11. | On November 12, 2015, the Court denied the motion to dismiss the bankruptcy case. | Bk. Dkt. No. 85. |
| 12. | On December 8, 2015, a continued | Miller Decl. ¶¶ 7-8. |

| NO. | UNCONTROVERTED FACT | EVIDENCE |
|---|---|---|
| | meeting of creditors took place. Upon further questioning, the Debtor testified that he still owned a 50% interest in Maxwell's. The Debtor admitted that Maxwell's was being marketed for sale for $300,000. The Debtor testified that he no longer owned any interest in the Galey Novel Café or the Wilshire Novel Café.<br><br>The Debtor stated that he had sold his interest in the Galey location 7 years earlier, and that a corporation owned the interest in the Wilshire location. The Debtor claimed that he was promised an interest in the Wilshire location but that the owners decided not to give him anything because the restaurant was not performing well. | |
| 13. | The Trustee's efforts to obtain financial information commenced at the initial meeting of creditors in March 2015. The Debtor agreed to provide information and produce | Miller Decl. ¶ 9. |

| NO. | UNCONTROVERTED FACT | EVIDENCE |
|---|---|---|
| | documents relating to his financial affairs. | |
| 14. | Trustee's counsel communicated with the Debtor's counsel on a number of occasions in 2015 seeking documents and information concerning the Debtor's financial affairs, but did not receive the financial information promised. | Bk. Dkt. No. 67; Lesnick Decl. ¶ 4. |
| 15. | The Trustee filed the complaint commencing this adversary proceeding on March 23, 2016. | Adversary Docket ("Adv. Dkt.") No. 1; Lesnick Decl. ¶ 6. |
| 16. | The Trustee served Requests for Production of Documents on November 1, 2016, and Requests for Admission on November 8, 2016. The Debtor never served written responses to these requests. | Lesnick Decl. ¶¶ 7-9, Ex. D. |
| 17. | After the Debtor failed to respond to the discovery, the Trustee's counsel reached out on a number of occasions trying to secure responsive documents. After several deadlines passed, the | Lesnick Decl. ¶ 10. |

| NO. | UNCONTROVERTED FACT | EVIDENCE |
|---|---|---|
| | Debtor produced about two-thirds of a banker's box of documents on January 5, 2017, with such files predominantly relating to initial formation and governance (e.g., articles of organization, operating agreements, lease agreements and some applications for licenses to sell alcohol). | |
| 18. | On January 12, 2017, the Trustee's counsel sent a meet and confer letter inquiring about the balance of the requests, which sought information, such as documents relating to the Debtor's income and wages, bank accounts and tax return information. | Lesnick Decl. ¶ 11, Ex. E. |
| 19. | In response, the Debtor produced bank account statements for July 2014 to September 2016 and tax returns for 2013 through 2015. | Lesnick Decl. ¶ 11. |
| 20. | The Debtor failed to produce documents relating to the financial performance of any of the restaurants or sufficient document | Lesnick Decl. ¶ 12. |

| NO. | UNCONTROVERTED FACT | EVIDENCE |
|---|---|---|
| | evidencing the transfer of his interests in the restaurants. | |
| 21. | The Debtor has given inconsistent testimony about his ownership of the Galey Novel Café. At the meeting of credits on March 8, 2015, the Debtor testified that he owned 10% of the Novel Café located at 1101 Galey Avenue in Westwood. A the second meeting of creditors on December 8, 2015, he testified that he did not own an interest. At deposition, he testified that he had given his interest to his girlfriend for free in 2011. | Miller Decl. ¶ 5; Miller Decl. ¶ 8; Lesnick Decl. ¶ 14, Ex. F (Deposition Transcript of Sung Hyun Chung ("Depo. TR")) at 92:11-18. |
| 22. | The Debtor testified at the initial meeting of creditors on March 8, 2015 that he owned shares in Wilshire Novel Café. Documents produced by the Debtor show that the Debtor possessed 2,450 shares in the Wilshire Novel Café Wilshire as of February 25, 2013. However, at the second meeting of creditors on December 8, 2015, the Debtor | Miller Decl., ¶¶ 3, 8; Lesnick Decl. ¶ 14, Ex. F (Depo. TR at. 110:5-111:3), ¶ 15, Ex. G (stock certificate). |

| NO. | UNCONTROVERTED FACT | EVIDENCE |
|---|---|---|
| | stated that he did not own an interest in the restaurant. At deposition, he testified that he gave the restaurant to a friend for free in 2011. | |
| 23. | The Debtor testified that he gave his 68% of interest in the King of New York Pizzeria to a friend for nothing in 2012. | Lesnick Decl. ¶ 14, Ex. F. |
| 24. | The Debtor testified that he formed the Ocean Park Novel Café, LLC in 2007/2008 and owned 100% of it, but gave it to his ex-wife in 2010. | Lesnick Decl. ¶ 14, Ex. F. |
| 25. | The Debtor testified that he opened Novel Café, Main Street in 2008/2009 and owned 100% of it, but gave it to his sister for nothing in approximately 2011. | Lesnick Decl. ¶ 14, Ex. F. |
| 26. | The Debtor testified that he bought 100% of the Lazy Daisy restaurant between 2008 and 2001 and sold it to his sister in 2012/2013 for $250,000 or $300,000. | Lesnick Decl. ¶ 14, Ex. F. |

**CONCLUSIONS OF LAW**

1. The Debtor should be denied discharge under § 727(a)(2)(A) because he has concealed his property.

2. The Debtor should be denied discharge under § 727(a)(3) because he has concealed and failed to maintain documents.

3. The Debtor should be denied discharge under § 727(a)(4) because he knowingly made a false oath or account and withheld documents from the estate relating to the Debtor's financial affairs.

4. The Debtor should be denied discharge under § 727(a)(5) because he failed to satisfactorily explain the deficiency in his assets.

DATED: February 22, 2017

LESNICK PRINCE & PAPPAS, LLP

By: s/Matthew A. Lesnick
Matthew A. Lesnick
Counsel for Plaintiff Elissa Miller as Chapter 7 Trustee

L.O.U
Lodged Order Upload

**Adversary LODGED ORDER UPLOAD FORM**

Wednesday, February 22, 2017

Upload Again

CONFIRMATION :

You've successfully uploaded the order:
( **3860830.DOCX** )
A new order has been added

- **Office**: Los Angeles
- **Case Title**: MILLER v. Chung
- **Case Number**: 16-01152
- **Judge Initial**: TD
- **Case Type**: ap ( Adversary )
- **Document Number**: 16
- **On Date**: 02/22/2017 @ 10:58 PM

Please print this confirmation for future reference.

Thank You!

United States Bankruptcy Court, Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street, Los Angeles, CA 90012

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Lesnick Prince & Pappas LLP, 185 Pier Avenue, Suite 103, Los Angeles, CA 90405

A true and correct copy of the foregoing document entitled (*specify*): **PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF TRUSTEE'S MOTION FOR SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/22/2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Steven J Barkin** stevenbarkin@gmail.com
- **Matthew A Lesnick** matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
- **Elissa Miller (TR)** CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com
- **David L Prince** dlp@redchamber.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 02/22/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Thomas B. Donovan
United States Bankruptcy Court
255 E. Temple Street, Suite 1352/Crtrm 1345
Los Angeles, CA 90012

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/22/2017 | Matthew A. Lesnick | /s/Matthew A. Lesnick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Lesnick Prince & Pappas LLP, 185 Pier Avenue, Suite 103, Santa Monica, CA 90405

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/22/2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Steven J Barkin stevenbarkin@gmail.com
Matthew A Lesnick matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com
Elissa Miller (TR) CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com
David L Prince dlp@redchamber.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On (*date*) 02/22/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Thomas B. Donovan
United States Bankruptcy Court
255 E. Temple Street, Suite 1352/Crtrm 1345
Los Angeles, CA 90012

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 02/22/2017 | Matthew A. Lesnick | /s/Matthew A. Lesnick |
| *Date* | *Printed Name* | *Signature* |